UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

     v.                                           **DECISION AND ORDER**
                                                           19-CR-133-A

DOUGLAS P. BEARDSLEY,

                            Defendant.

_____

      This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.  On March 2, 2021, Magistrate Judge Schroeder filed a Report, Recommendation and Order, Dkt. No. 190, recommending that the Court (1) deny Defendant's motion to suppress, and request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); and (2) deny Defendant's request to determine before trial that certain counts against Defendant are multiplicitous and to strike those counts from the Superseding Indictment, or in the alternative, to require the Government to elect at this time among those counts which ones will proceed to trial.

      Defendant filed objections to these recommendations, Dkt. No. 214, challenging the manner of the execution of the search warrant on January 26, 2019 as unconstitutional and unreasonable, rendering the warrant invalid, and arguing a *Franks* hearing is necessary to determine an alleged material factual question on probable cause concerning the role, if any, of a third party present during or after the search was executed.  Defendant further argues that the Magistrate Judge erred in failing to find that particular counts of the Superseding Indictment are multiplicitous on their face and

that the Government should be directed at this time to decide which counts shall proceed to trial.  The Government filed its response in opposition thereto, Dkt. No. 222, and Defendant filed reply papers, Dkt. No. 223.  Oral argument on Defendant's objections was held before the Court on May 24, 2021.

Pursuant to 28 U.S.C. §636(b)(1), the Court applies a *de novo* standard of review to the portions of a report and recommendation to which specific objections have been raised.  Upon *de novo* review, the Court adopts the March 2, 2021 Report, Recommendation and Order, in part, and denies Defendant's motion to suppress and for a *Franks* hearing, Dkt. No. 101.

Defendant does not object to the Magistrate Judge's recommendation to deny his motion to suppress based on the validity of the search warrant itself and to reject Defendant's argument that the warrant is invalid because it was based on stale information.  *See* Dkt. No. 190, pp. 5-7.  The Magistrate Judge's denial of Defendant's motion to suppress evidence on this basis is neither clearly erroneous nor contrary to law and is hereby adopted by the District Court.  *See United States v. Jones*, 2013 U.S. Dist. LEXIS 121942, *2 n.1 (W.D.N.Y. Aug. 27, 2013).

With respect to alleged multiplicity of certain counts in the Superseding Indictment, at oral argument before this Court the parties indicated that Defendant's pending request for a Bill of Particulars, which has not yet been ruled on by the Magistrate Judge, may potentially impact this ruling as Defendant asks for, among other things, the Government to particularize the firearms possessed by Defendant as alleged in Count 4 of the Superseding Indictment.  *See* Dkt. No. 101, p. 10.  The Court will

therefore defer on the objection related to multiplicity until Defendant's remaining pretrial motions are handled by the Magistrate Judge.

Defendant points out several pretrial motions, *see generally* Dkt. No. 101 (Defendant's omnibus motion) that the Magistrate Judge did not determine either from the bench or in the R&R, *i.e.*, for: (1) a Bill of Particulars, (2) disclosure of informant information; (3) *Brady* materials; (4) disclosure of evidence pursuant to Fed. R. Evid. §§ 404(b), 608, and 609; (5) disclosure of witness statements; and (6) preservation of rough notes. Defendant asks that this Court either address those motions or refer them back to the Magistrate Judge to rule upon them. The Court hereby remands these matters to the Magistrate Judge for determination.

As to a motion for disclosure of the identity of a witness (Dkt. Nos. 178, 179) that Defendant filed on February 8, 2021, which potentially implicates the *Brady* doctrine, Defendant notes that the Government has not responded to the motion and the Magistrate Judge has not issued a scheduling order on the motion. The Court hereby directs this issue back to the Magistrate Judge. To the extent necessary, the Magistrate Judge shall also resolve the related issue concerning a possible breach of the terms of a protective order. *See* Dkt. No. 222, pp. 23-24; Dkt. No. 223, pp. 7-9.

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, Defendant's motion to suppress and for a *Franks* hearing is denied. The issue of multiplicity is deferred until the Magistrate Judge has ruled on Defendant's remaining pretrial motions, and those issues and the others outlined above are hereby referred back to the Magistrate Judge.

**SO ORDERED.**

                                                                            _s/Richard J. Arcara_
                                                              HONORABLE RICHARD J. ARCARA
                                                              UNITED STATES DISTRICT COURT

Dated:   May 25, 2021