UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 UNITED STATES OF AMERICA,


                                                    19-CR-133-A
        -v-                                         **DECISION & ORDER**

 DOUGLAS P. BEARDSLEY,

                Defendant.

_____

## <u>BACKGROUND</u>

On June 16, 2023, a judgment was entered convicting Defendant Douglas

P. Beardsley, pursuant to a written plea agreement, Dkt. 497, of conspiracy to

possess with intent to distribute, and to distribute, 500 grams or more of

methamphetamine, and of being a felon-in-possession of a firearm. As part of that

plea agreement, Defendant "knowingly waive[d] the right to appeal and collaterally

attack any component of a sentence imposed by the Court which falls within or is

less than a sentence of imprisonment of 188 to 235 months…".  Dkt. 497, pp. 9-

10.  During his plea colloquy with the Court the following exchange took place:

> MR. VIOLANTI: Appeal rights. Paragraph 20. The defendant
> understands that Title 18, United States Code, Section 3742 affords
> a defendant a limited right to appeal the sentence imposed. The
> defendant, however, knowingly waives the right to appeal and
> collaterally attack any component of a sentence imposed by the Court,
> which falls within or is less than a sentence of imprisonment of 188 to
> 235 months, a fine of 30,000 to $10 million, and a period of supervised
> release of five years.

1

Notwithstanding the manner in which the Court determines the sentence, in the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence. * * *
.
THE COURT: Do you understand all that, sir?
THE DEFENDANT: Yes, sir.

***

MR. VIOLANTI: . . .The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that, in the future, defendant becomes aware of previously unknown facts or a change in the law, which the defendant believes would justify a decrease in the defendant's sentence. . ..

THE COURT: Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: This is your day in court. Unless I do something -- if I were to do something contrary to what's in the plea agreement, you can say, Judge, you can't do that. And I'd say, well, I thought I could. I did it. That's it. You'd say, well, you're wrong. Take him to appeal to the Second Circuit. And you can do that. And if you're right, obviously I'd get reversed. Do you understand that, sir?

THE DEFENDANT: Yes, sir. (Dkt. 666, pp. 24-26).

As sentencing, the Court sentenced Defendant to a term of imprisonment of 176 months. Dkt. 497. Defendant did not appeal his conviction.

Under the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C. § 2255(f)(1), Defendant had until June 16, 2024, to file a petition for relief under § 2255.On June 14, 2024, Defendant filed a *pro se* motion for an extension of time within which to

file a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (the "Motion to Vacate"), and a Motion for Sentencing Transcript. *See*, Dkt. 656. By text order dated June 20, 2024, this Court denied such motions without prejudice. Dkt. 659. On July 8, 2024, Defendant filed a second *pro se* motion once again requesting an extension of time within which to file a Motion to Vacate and also requesting permission to proceed *in forma pauperis*. Dkt. 664. In that motion, which is in the form of a handwritten letter, Defendant expresses his "hop[e] it can be construed as the beginning of the §2255 motion which could be amended later." Dkt. 664, p.1. Defendant thereafter makes conclusory claims of "ineffective assistance of counsel in all stages of court proceedings, with all four of my attorneys." *Id*. Defendant, thereafter, lists twenty-one additional instances which he alleges amounted to ineffective assistance of counsel. They are as follows:

> 2) Improper pressure on defendant to plead guilty; 3) Misrepresentation of material facts; 4) Failure to file a timely motion for substitution of counsel; 5) Improper waiver of defendant's right to be present at a pre-trial deposition; 6) Failure to challenge the veracity of a search warrant application; 7) Failure to file a motion for or to: dismiss [or] suppress[] evidence; 8) Failure to object to: hearsay evidence; inadmissible evidence; lack of corroborating evidence; prosecutorial misconduct; 9) Failure to aid at sentencing; 10) Counsel acted as a mere spectator at sentencing; 11) Unprofessional errors at sentencing; 12) Ineffective representation at sentencing; 13) Priors may be challenged during sentencing proceedings and they weren't; 14) Weight attributable to me was never brought up or challenged; 15) Ineffective assistance in general; 16) Collusion between defense counsel and prosecutor; 17) Double jeopardy, I got punished twice for possession of firearms, sentenced to 120 months for felon in possession of firearm 922(g) and enhanced 2 points for it also; 18) Evidentiary hearings are and were required regarding the CI's of the search warrant application which was denied; 19) Failure to do pretrial discovery; 20) Last minute appointment of counsel, Cheryl Meyers-

Buth, too [sic] which she lied to me and said she was barred from filing
motions because I was already to [sic] far along in my case, when all
it really was is she didn't want too [sic]; 21) I asked Cheryl Meyers-
Buth to file an appeal she never did; 22) For months now I've been
waiting for her to send discovery material in order for me to file my
2255 she still hasn't. I'm putting in a FOIL request to get the recording
of the calls. *Id.*, pp. 1-3.

Defendant makes no additional factual allegations. He further seeks transcripts
from his sentencing and from an appearance at which oral argument on pretrial
motions was held, as well as approval to proceed *in forma pauperis. Id.*, p. 3.

## LEGAL STANDARD

As an initial matter, the Court notes that defendant is proceeding *pro se*.
Accordingly, his submissions must be "liberally construed in his favor," *Simmons
v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), and read "to raise the strongest
arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir.
2001) (cleaned up). Even so, petitioner still bears the burden of proving his claims
by a preponderance of the evidence. *Triana v. United States*, 205 F.3d 36, 40 (2d
Cir. 2000). As the Second Circuit has explained, "[a]iry generalities, conclusory
assertions[,] and hearsay statements will not suffice" to meet this standard. *United
States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987). Nor is a court required to credit
factual assertions that are "contradicted by the record in the underlying
proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).

A prisoner in federal custody may challenge the validity of his sentence by
filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, to vacate,

4

set aside, or correct his sentence. See 28 U.S.C. § 2255(a). "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255). "[T]he scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (citation omitted).

With the foregoing principles in mind, this Court is also mindful of the fact that, where, as here, defendant as part of his plea agreement waives his right to appeal or collaterally attack his sentence, such waivers are generally enforceable. *See*, *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (citation omitted); *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002)("[t]here is no general bar to a waiver of collateral attack rights in a plea agreement.)"; *see also Muniz v. United States*, 360 F. Supp. 2d 574, 576 (S.D.N.Y. 2005) ("A defendant's knowing and voluntary waiver of his right to bring a petition pursuant to section 2255 is generally enforceable."). Indeed, "[w]here the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004). Here,

defendant's sentence was below the range for which appeal and collateral attack were expressly prohibited according to the terms of the plea agreement.

"However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." *Frederick*, 308 F.3d at 195. More generally, "[a] violation of a fundamental right warrants voiding an appeal waiver." *Riggi*, 649 F.3d at 147; *see also Muniz*, 360 F. Supp. 2d at 577 (explaining that "[a]n enforceable waiver bars claims based on grounds that arose after, as well as before, the agreement was signed," but "a waiver of collateral attack rights in a plea agreement is unenforceable where the petitioner claims ineffective assistance of counsel in connection with the plea agreement itself").

## DISCUSSION

In his most recent motion, Defendant does not mention or address the collateral attack waiver contained in his plea agreement. "To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008)(quotations and citations omitted). Stated differently, "[i]n challenging the ineffectiveness of counsel in connection with a plea agreement, a defendant is challenging the constitutionality of *the process* by which he waived his right to appeal." *Parisi*, 529 F.3d at 138 (quotations and alterations omitted; emphasis in original).

6

Of the claimed, conclusory instances of ineffective assistance enumerated by defendant in his motion, even when construed most liberally in the defendant's favor, only two claims even arguably implicate the propriety of *the process* by which defendant entered into the plea agreement he did—*i.e.*, "2) Improper pressure on defendant to plead guilty…[and] 16) Collusion between defense counsel and prosecutor."   Accordingly, defendant's most recent motion will be construed by this Court as arguably alleging a cognizable—albeit barebones— 2255 claim predicated upon ineffective assistance of counsel in connection with those two claims.

Accordingly,

**IT IS HEREBY ORDERED** that Beardsley's Motion for an Extension of Time to file his Motion to Vacate, Set Aside, or Correct Defendant's Sentence under 28 U.S.C. § 2255 is **GRANTED,** and Beardsley shall, **within 60 days from the date of entry of the date of this Order**, file such a §2255 Motion to Vacate, Set Aside, or Correct Defendant's Sentence which demonstrates: (1) how defense counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice—here, by showing that counsel's allegedly deficient representation rendered his plea either unknowing or involuntary. *See*, *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984); *Parisi*, 529 F.3d at 139; *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005); and it is further

**ORDERED** that, in accordance with Rules 4 and 5 of the Rules Governing § 2255 Cases in the United States District Courts, the United States shall file and serve an Answer to the Motion to Vacate within **forty-five (45) days from the date on which such Motion is filed**.

**ORDERED** that, in addition to the Answer, the United States shall also file and serve by the above date a memorandum of law addressing each of the issues raised in the Motion to Vacate, and including citations of relevant supporting authority; and it is further

**ORDERED** that within **forty-five (45) days from the date on which Beardsley's Motion to Vacate is filed** is filed with the Clerk of Court, the United States may file a motion for a more definite statement or a motion to dismiss the Motion to Vacate, accompanied by appropriate exhibits which demonstrate that an answer to the Motion to Vacate and Second Motion to Amend is unnecessary; and it is further

**ORDERED** that within 20 days of receipt of the Answer, Beardsley may file a written reply to the Answer and memorandum of law; and it is further

**ORDERED** that Beardsley's request to be granted *in forma pauperis* status is **GRANTED**; and it is further

**ORDERED** that Beardsley's requests for his sentencing transcript and for the transcript of oral argument on his motions are **DENIED**; and it is further

**ORDERED** that the Clerk of Court is directed to serve a copy of Beardsley's second *pro se* motion requesting an extension of time within which to file a Motion

to Vacate and also requesting permission to proceed *in forma pauperis,* Dkt. 664,
together with a copy of this Order, upon the United States Attorney for the Western
District of New York, 138 Delaware Avenue, Buffalo, New York 14202; and it is
further

      **ORDERED** that all docketing for this action shall be made in the related
criminal action 19-CR-0133-A.

      **THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS
AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY.**


      **SO ORDERED.**


                          *s/Richard J. Arcara*
                          HONORABLE RICHARD J. ARCARA
                          UNITED STATES DISTRICT COURT


DATED:  July 18, 2024
          Buffalo, New York